UNITED STATES, Plaintiff,

v.

Theodore John KACZYNSKI, Defendant.

No. MCR 96–6–H–CCL.

United States District Court,
D. Montana,
Helena Division.

April 22, 1996.

Bernard F. Hubley, Asst. U.S. Atty., Helena, MT, for plaintiff.

Michael Donahoe, Asst. Fed. Defender, Helena, MT, for defendant.

### OPINION AND ORDER

LOVELL, District Judge.

This opinion and order confirm the court's April 19, 1996, bench ruling on Defendant's motion for return of property, to dismiss complaint, to stay grand jury proceedings, and to prohibit further prosecution. The government opposed the motion. The court considered the briefs and entertained argument on the question of an evidentiary hearing on April 19, 1996. The court denied the motion for return of property, to dismiss complaint, to stay grand jury proceedings, and to prohibit further prosecution for the reasons stated on April 19, 1996, and for the reasons outlined below.

Defendant asserts that the government has deliberately leaked information regarding its investigation of the Defendant, and in so doing the government has violated Defendant's Fourth, Fifth, and Sixth Amendment rights. The primary relief Defendant seeks

is a dismissal of the complaint and a permanent injunction prohibiting the United States from indicting the Defendant in any federal district for any crime connected to the Unabomber investigation. Defendant contends that: (1) Defendant has a right to an unbiased grand jury, U.S. Const. amend. V, a right to a fair trial, U.S. Const. amend. VI, and a right to be free from unreasonable search and seizure, U.S. Const. amend. IV; (2) these rights have been irreversibly abridged by the government's deliberate disclosure of evidence seized and information obtained as a result of the search of Defendant's residence; and (3) the government should be held accountable for its misdeeds by the imposition of sanctions (return of property, dismissal of complaint, and permanent restraint against prosecution).

■ Defendant cites *Beck v. Washington,* 369 U.S. 541, 546, 82 S.Ct. 955, 958, 8 L.Ed.2d 98 (1962), for the proposition that Defendant has a right to be indicted by an unbiased grand jury. *See also Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Defendant also asserts that government leaks to the media regarding the search made the search "unreasonable," within the meaning of the Fourth Amendment. Defendant ultimately asserts that these deliberate disclosures "poisoned the entire population of grand jurors within the United States against Mr. Kaczynski."

Defendant concedes, citing *United States v. Handy,* 351 U.S. 454, 462, 76 S.Ct. 965, 970, 100 L.Ed. 1331 (1956), that he bears the burden of showing any unfairness claimed by him. Defendant argues that he should be granted an evidentiary hearing to prove that the government is in fact responsible for the "media blitz" that followed the execution of the search warrant.

■ However, Defendant may be required to show actual prejudice from the pre-indictment publicity. *Estes v. United States,* 335 F.2d 609, 613 (5th Cir.1964) ("There was no specific showing of bias and prejudice by appellant resulting from the widespread publicity, and the fact alone of such publicity did not in itself constitute a sufficient showing of bias and prejudice."). *See also United States*

*v. Hoffa,* 205 F.Supp. 710, 718 (S.D.Fla.1962) (holding that specific showing of prejudice necessary to vitiate indictment and mere demonstration of adverse publicity insufficient to establish prejudice). Thus, there is a requirement that Defendant show specific proof of prejudice of the grand jury that returns an indictment against him.

■ Without acknowledging any requirement that he show actual prejudice, however, Defendant asserts that this court should relieve him of that obligation. Instead, Defendant asks this court to find that any grand jury would be so compromised by the government's alleged misconduct that the court should make a presumption of prejudice and, further, that the court should punish the government by prohibiting any prosecution of the Defendant. Defendant relies on cases making a presumption of prejudice when the grand jury is selected in a racially discriminatory fashion, *see e.g., Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), or when women are excluded from the grand jury, *see Ballard v. United States,* 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181 (1946). Defendant also relies on dicta in *United States v. Russell,* 411 U.S. 423, 431–32, 93 S.Ct. 1637, 1642–43, 36 L.Ed.2d 366 (1973), which is an entrapment case, in which Justice Rehnquist observed that one day a case might arise in which "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction." However, in *United States v. Stanford,* 589 F.2d 285, 299 (7th Cir.1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979), the Seventh Circuit has specifically rejected the presumption of prejudice based upon pre-indictment publicity. *See also United States v. Civella,* 648 F.2d 1167, 1173–74 (8th Cir.), *cert. denied,* 454 U.S. 867, 102 S.Ct. 330, 70 L.Ed.2d 168 (1981) (effect of publicity determinative, rather than its source). Further, it is agreed that "the grand jury need not deliberate in a sterile chamber" in order to remain unbiased. *United States v. Burke,* 700 F.2d 70, 82 (2nd Cir.1983). Even if the government engaged in intentional misconduct, the correct re-

sponse would not be a dismissal of the indictment but instead to secure a fair trial for the accused. *Stanford*, 589 F.2d at 299 (dismissal of charges improper, constituting "punishment of society for misdeeds of prosecutor").

Defendant makes no attempt to show actual prejudice to him resulting from adverse pre-indictment publicity. Even if he were to show prejudice, however, it is doubtful whether the proper course would be to dismiss the indictment. A Ninth Circuit panel that addressed this question has remarked that "[i]f a grand jury is prejudiced by outside sources when in fact there is insufficient evidence to indict, the greatest safeguard to the liberty of the accused is the petit jury and the rules governing its determination of a defendant's guilt or innocence." *Silverthorne v. United States*, 400 F.2d 627, 634 (9th Cir.1968). *See also United States v. Polizzi*, 500 F.2d 856, 888 (9th Cir.1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). Similarly, in the *Hoffa* case, the district court stated that

> [t]o accept the contention urged by the defendants as a rule of law certainly would produce absurd results since no one who is prominent and well-known could be charged with the commission of any crime because the charge against such a person would cause very large and widespread publicity, precluding an indictment.

*Hoffa*, 205 F.Supp. at 717.

■ Defendant bears a heavy burden of showing actual bias and prejudice in order to obtain dismissal of an indictment for pre-indictment publicity. *See United States v. Civella*, 648 F.2d 1167, 1173 (8th Cir.), *See also Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988) ("a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants"). This court has found no case, and none are cited by Defendant, which dismissed an indictment for pre-indictment publicity. *See 8 Moore's Federal Practice*, § 6.04[9] (2d. ed. 1993) ("It appears, however, that no indictment has been dismissed for prejudicial preindictment publicity regardless of whether the publicity occurred through normal channels (citation omitted),

or by unauthorized disclosure of grand jury material to the news media by the government (citation omitted)").

■ As for Defendant's Fourth Amendment argument, that the allegedly deliberate nature of the government's preindictment leaks to the press makes the search of Defendant's cabin "unreasonable," the court finds the Defendant's argument to be without merit. The cases cited by Defendant are easily distinguished because the policies and regulations violated in those cases pertained directly to a search and seizure. In this case, the policies allegedly violated are at best only marginally related to the search and seizure. The court agrees with the government that the leaks have no bearing on the validity of the search warrant and do not pertain to either the scope of the search or the manner in which the government executed the warrant.

## CONCLUSION

There has been an insufficient showing to warrant a hearing. The court seriously doubts that a hearing would produce any results for the Defendant.

The court does not treat this motion lightly. It is a substantial motion. Having said that, however, it is significant that there is insufficient evidence to give rise to an inference that any of the leaks complained of were deliberately contrived by the government to prejudice the Defendant. To the contrary, the Attorney General and the Director of the Federal Bureau of Investigation have each taken tough and vocal stances designed to prevent such leaks. Judge Freeh has ordered an investigation, and he has promised dismissals and prosecution for any government officials releasing confidential information.

This is a case with intense public interest. There is bound to be extensive publicity. A vigorous press will almost certainly secure some news somehow in high profile cases such as this. While the government might prefer otherwise, however, leaks can and do occur and may be part of the price that we pay for the freedoms we enjoy in this country.

When there is a collision between the rights of the Defendant and the right of the public to know (particularly, as interpreted by the press) it is important to analyze the extent of these respective rights and to reach some balance between these important interests. Doing so, it is clear that Defendant has no constitutional right to perfection in the preindictment stage of this case, or for that matter, if he is indicted, in the trial stage. A defendant is entitled to fair treatment and to a fair trial if indicted.

If the Defendant is not indicted, the question is moot. If he is indicted then his entitlement to a fair trial before a jury of his peers properly selected, and properly instructed by the court, is his best remedy under all the circumstances present here.

Should news leaks continue and the government seem unable to prevent them, the court may revisit this issue.